UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KEITH COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-175-ART |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT OF KENTUCKY | ) | **MEMORANDUM OPINION** |
| HOLDINGS, INC., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, R. 41. Defendants filed the motion on June 19, 2008, but to date, Plaintiff has not filed any response. For the reasons stated below, the Court grants Defendants' Motion to Dismiss for Plaintiff's failure to comply with multiple Court Orders.

**I.   BACKGROUND**

Defendants removed this action from Floyd Circuit Court to this Court on August 23, 2006, based on diversity jurisdiction. R. 1 ¶¶ 1, 4. After granting two joint motions to stay the case so that the parties could explore settlement, R. 7 & 9, the Court entered a Scheduling Order on February 16, 2007, R. 14. That Order required the parties to exchange their FED. R. CIV. P. 26(a) disclosures by April 2, 2007. *Id.* at ¶ 1(a). Plaintiff failed to serve his initial disclosures by April 2, 2007. R. 19 at 2. Indeed, Plaintiff still had not served his initial disclosures by November 9, 2007, when Defendants filed a motion to compel, among other things, the disclosures. *Id.*

Plaintiff's failures were not limited solely to his initial disclosures. On July 26, 2007,

Defendants served their first set of interrogatories and request for production of documents on Plaintiff. R. 32 ¶ 3. Plaintiff's responses were due 30 days later, *see* FED. R. CIV. P. 33(b)(2), but Defendants received no responses by that deadline. Defendants' counsel contacted Plaintiff's counsel on September 13, 2007, and September 27, 2007, to determine whether she could obtain responses to the discovery request. *See* R. 19, Ex. 1. Having no success, on October 16, 2007, defense counsel was forced to request a telephone conference with Magistrate Judge Atkins. *Id.* Judge Atkins held a telephone conference on October 24, 2007, at which time he ordered Plaintiff to provide written responses to Defendants' discovery request by October 30, 2007. R. 16. October 30, however, passed without Defendants receiving any responses. R. 19 at 3.

On November 9, 2007, Defendants filed a Motion to Compel Discovery and for Sanctions, Including Dismissal, or, in the Alternative, for a Show Cause Order. R. 19. In the motion, Defendants indicated that Plaintiff still had not served his responses to their discovery request or his Rule 26(a) disclosures. *Id.* at 2. Judge Atkins set the motion for a December 12, 2007, hearing. R. 20. On December 11, 2007, Plaintiff filed an untimely response to the motion to compel and a motion to continue the December 12 hearing. R. 21 & 22. In his response, Plaintiff's counsel conceded that he had failed to respond to Defendants' discovery request and stated he would provide responses within seven days. R. 22 ¶ 6. Plaintiff's counsel also conceded that Defendants were entitled to attorneys' fees and costs incurred in attempting to obtain discovery. *Id.* at ¶¶ 1, 7. Judge Atkins granted Plaintiff's motion to continue and rescheduled the December 12 hearing to January 30, 2008. R. 24.

At the January 30 hearing, Defendants informed the Court that they had not yet received Plaintiff's responses to their discovery request, R. 34 at 2 (in spite of Plaintiff's counsel's

2

statement on December 11, 2007, that he would respond within seven days, R. 22 ¶ 6, and Defendants' reminder to Plaintiff's counsel in their December 26, 2007, reply in support of their motion to compel that he had not provided the responses, R. 25 at 2). Judge Atkins ordered Plaintiff to show cause why sanctions should not be imposed for his failure to provide discovery and ordered Defendants to submit a bill of costs incurred in attempting to obtain discovery. R. 30. Plaintiff filed a response to Judge Atkins's Show Cause Order in which he again conceded that he had failed to respond to Defendants' discovery request and that they were entitled to financial sanctions, but argued that dismissal was not an appropriate sanction. R. 32 at ¶¶ 8–12. Also at the January 30 hearing, Judge Atkins passed the portion of Defendants' motion to compel that requested dismissal to the undersigned. R. 30.

As such, on March 14, 2008, the Court held a hearing regarding the portion of Defendants' motion to compel that Judge Atkins passed to it. R. 36. Defendants informed the Court that they had received Plaintiff's responses to their discovery request. The Court denied Defendants' motion compel (as far as it requested dismissal of the action) and referred the imposition of financial sanctions to Judge Atkins. *Id.* at 1–2. Based on Plaintiff's failure to comply with two Court Orders (the Scheduling Order and Judge Atkins's October 24, 2007, Order) and his overall dilatory discovery conduct, the Court warned Plaintiff's counsel that any future failure to comply with the Court's Orders would result in dismissal of the action. On April 8, 2008, Judge Atkins awarded attorneys' fees to Defendants in the amount of $4,889.25, which the Court notes was less than the $9,229.50 requested by Defendants and not opposed by Plaintiff. R. 38.

On June 19, 2008, Defendants filed their Motion to Dismiss or, in the Alternative, for

3

Summary Judgment, R. 41, that is now pending before the Court. The Motion to Dismiss is premised on Plaintiff's repeated failure to comply with this Court's Orders, including most recently, his failure to comply with Judge Atkins's Order awarding $4,889.25 in costs to Defendants. *Id.* at 9–11. It appears that counsel for the parties spoke regarding payment of the sanctions on May 2, 2008, and Plaintiff's counsel indicated that payment would be forthcoming. *Id*. at Ex. 12. As of Defendants' filing of their motion on June 19, no payment had been received. *Id.* at 9. Moreover, to date, Plaintiff has not filed any notice with the Court indicating that he has made the required payment, nor has he filed any response to Defendants' Motion to Dismiss/Summary Judgment.

## II. DEFENDANTS' MOTION TO DISMISS

Federal Rule of Civil Procedure 41(b) provides a district court the authority to dismiss a case for failure to comply with court orders. The Sixth Circuit has laid out four factors to consider before dismissing a case under Rule 41:

> (1) [W]hether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schools*, 138 F.3d 612, 615 (6th Cir. 1998). While none of the factors are dispositive, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999). Here, all four factors are met.

### A. The First Factor: Willfulness, Bad Faith, or Fault

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). In this case, Plaintiff has failed to comply with *three* Court Orders.

- <u>First</u>, Plaintiff failed to provide his initial disclosures under Rule 26(a) by April 2, 2007, as required by the Scheduling Order, R. 14. Although it is not clear when Plaintiff finally provided the Rule 26(a) disclosures, Defendants still had not received them as of November 9, 2007, when they filed a motion to compel. *See* R. 19 at 2 (stating that Plaintiff had not provided Defendants with his initial disclosures).

- <u>Second</u>, Plaintiff failed to comply with Judge Atkins's October 24, 2007, Order, R. 16, which required Plaintiff to provide written responses to Defendants' discovery request by October 30, 2007. Though due in August 2007, Defendants did not receive these responses until February 1, 2008, R. 41 at 8, and only after: (a) Defendants twice requested the responses from Plaintiff in September 2007, R. 19, Ex. 1; (b) Defendants filed a motion to compel on November 9, 2007, R. 19; (c) Plaintiff stated in his response to the motion to compel on December 11, 2007, that he would provide responses within seven days, R. 22 ¶ 6; (d) Defendants stated in their reply to their motion to compel on December 26, 2007, that they

> still had not received the discovery responses, R. 25 at 2; and (e) Defendants informed Plaintiff that they still had not received the responses at the January 30 hearing before Judge Atkins, R. 34 at 2.

- <u>Third</u>, Plaintiff failed to comply with Judge Atkins's April 8, 2008, Order, R. 38, awarding attorneys' fees to Defendants in the amount of $4,889.25. On May 2, 2008, Plaintiff's counsel indicated that payment would be forthcoming. R. 41, Ex. 12. As of Defendants' filing of their motion to dismiss on June 19, no payment had been received. *Id.* at 9. Moreover, to date, neither party has filed any notice with the Court indicating otherwise.

Such repeated disregard of this Court's Orders demonstrates willfulness, bad faith, and fault under the first factor because Plaintiff's conduct can only be interpreted either as an intent to thwart the proceedings of this case or a reckless disregard for the effect of his conduct on the case. *See Schafer*, 529 F.3d at 739 (holding that plaintiff's failure to re-file his complaint within the time provided by the court and his failure to seek an extension until after the deadline supported dismissal because such conduct "shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse"); *Steward v. City of Jackson, Tenn.*, No. 00-6011, 2001 WL 278687, at *2 (6th Cir. Mar. 13, 2001) (unpublished) (holding that pro se plaintiff's failure to comply with a court order that included a warning of dismissal for non-compliance "constitutes bad faith or contumacious conduct and justifies dismissal"); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (holding that plaintiff's failure to respond to defendant's discovery requests, to defendant's motion to compel, and to defendant's motion to dismiss and plaintiff's failure to comply with a

6

court order was "more than adequate to establish that Harmon's counsel was stubbornly disobedient and willfully contemptuous" and showed a "clear record of delay and contumacious conduct").

### B. The Second Factor: Prejudice to Defendants

An important factor in determining if Defendants have suffered prejudice is whether they have "'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (quoting *Harmon*, 110 F.3d at 368) (alterations in original). It is clear that Plaintiff's dilatory conduct has prejudiced Defendants. Defendants have spent a significant sum of money – almost $10,000 – trying to obtain what should be routine discovery. Indeed, Plaintiff admitted as much when he conceded in both his response to Defendants' motion to compel, R. 22 ¶¶ 1,7, and his response to Judge Atkins's Show Cause Order, R. 32 ¶ 1, that they were entitled to attorneys' fees incurred in attempting to obtain discovery. Judge Atkins also essentially found prejudice to Defendants when he awarded them $4,889.25 in attorneys' fees on April 8, 2008. R. 38. Yet, to date, Plaintiff has not paid Defendants the awarded attorneys' fees.

### C. The Third Factor: Prior Notice

Prior notice of the potential for dismissal is a key consideration in determining whether to dismiss a case under Rule 41. *Stough*, 138 F.3d at 615. Here, Plaintiff was on notice of the potential for dismissal of his case.

Defendants sought dismissal as part of their November 9, 2007, motion to compel. R. 19 at 4–6. At the January 30 hearing on the motion, Judge Atkins passed the dismissal portion to the undersigned. R. 30. Most importantly, at the March 14, 2008, hearing before the undersigned on

7

Defendants' motion to dismiss, the Court explicitly warned Plaintiff's counsel that any future failure to comply with the Court's Orders would result in dismissal of the action. On this record, the Court finds that Plaintiff had more than sufficient notice of the possibility of dismissal for failure to comply with Court Orders.

### D. The Fourth Factor: Consideration of Less Drastic Sanctions

No sanction less drastic than dismissal is appropriate in this case. The Court warned Plaintiff that any future violations of Court Orders would result in dismissal, thus giving him a final chance to proceed with his case in spite of previous violations of Court Orders. Subsequent to that warning, Judge Atkins imposed monetary sanctions on Plaintiff, but he has not complied with that Order either. In short, dismissal is the only remedy for Plaintiff's conduct in this case.

### E. Plaintiff's Conduct

The four-factor test for dismissal of a case under Rule 41 is "applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon*, 110 F.3d at 367. Even under a more stringent application of the four factors, dismissal is appropriate because of the repeated violations of this Court's Orders. Moreover, whether the Court should more stringently apply the factors is questionable because Plaintiff also is at fault for the delays in this case. In his response to Judge Atkins's Show Cause Order, Plaintiff's counsel states that he scheduled five appointments with Plaintiff to review the responses to Defendants' discovery requests, but that Plaintiff did not show up. R. 32 ¶ 3. Plaintiff admits as much in his affidavit attached to the response. *Id.* at Ex. A ¶ 9. Thus, Plaintiff's own conduct also contributed to the delays in this case.

### III.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In the alternative to seeking dismissal for Plaintiff's failure to comply with the Court's Orders, Defendants also seek summary judgment on Plaintiff's claims. R. 41 at 12–19. As indicated, Plaintiff has not responded to Defendants' motion to date. The Court notes that Plaintiff's failure to respond potentially could constitute waiver of any opposition to Defendants' motion. *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (unpublished) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *see Humphrey v. United States Attorney General's Office*, No. 07-3740, 2008 WL 2080512, at *3 (6th Cir. May 15, 2008) (unpublished) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). This holds true in the summary judgment context as well if the moving party has met its initial burden under Rule 56(c). *See Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991) (holding that a district court cannot grant summary judgment in favor of a movant solely because the non-movant did not respond and instead must review the movant's motion to ensure it satisfied its initial burden under Rule 56). However, in light of the Court's conclusion that Plaintiff's failure to comply with multiple Court Orders warrants dismissal of this action under Rule 41, the Court need not reach this issue.

### IV. CONCLUSION

The Court recognizes that dismissal of an action is a harsh sanction. *Schafer*, 529 F.3d at 736. In this case, however, all four factors point toward dismissal, and both Plaintiff and his counsel are to blame for the actions that have occurred in this case. Accordingly, it is **ORDERED** as follows:

(1) Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, R. 41, in so far as it seeks dismissal of this action for Plaintiff's failure to comply with Court Orders is **GRANTED**.

(2) Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, R. 41, in so far as it seeks summary judgment on Plaintiff's Complaint is **DENIED AS MOOT**.

(3) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

(4) All hearings in this matter are **CANCELLED**.

(5) The Clerk shall **STRICKEN** this matter from the Court's docket.

This the 18th day of July, 2008.



Signed By:
*Amul R. Thapar* AT
United States District Judge

10